UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-60552-CV-COHN

GREGORY LASKY and ADVOCATES
FOR DISABLED AMERICANS,

Magistrate Judge Seltzer

    Plaintiff,

vs.

69TH STREET PROPERTIES, L.P, and/or
BOSTON MARKET CORPORATION and/or
BOSTON MARKET HOLDINGS CORP., and/or
BOSTON MARKET INTERMEDIATE HOLDING CORP.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT III AND PORTIONS OF THE PENALTIES COUNT OF PLAINTIFFS' COMPLAINT

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Count III and Portions of the Penalties Count of Plaintiffs' Complaint [DE 6].  The Court has carefully considered the motion and notes that Plaintiffs have failed to respond by the deadline of May 3, 2010.

Plaintiff Gregory Lasky utilizes a service dog due to his disability.  Complaint, ¶ 2 [DE 1 at pp. 9-14].  Plaintiffs filed this action in state court against Defendants for alleged violations of the federal Americans with Disabilities Act ("ADA") and of state law. In Count III of the Complaint, Plaintiff Lasky seeks damages pursuant to the Florida Civil Rights Act and Florida Statutes § 413.08.  This latter section proclaims the rights of individuals using service animals to full and equal accommodations in all public accommodations, defined in § 413.08(1)(c) to include "other places to which the

general public is invited."  This additional clause broadens the "public accommodation" definition as it applies to service dog access beyond the areas of transportation, lodging and entertainment, as listed in the Florida Civil Rights Act definition of "public accommodation" at § 760.02(11).  However, as Defendant points out, § 413.08 does not provide a private cause of action, but rather makes interference with these rights a misdemeanor criminal offense.  Fla. Stat. § 413.08(4).[1]  Because "public accommodation" is defined more narrowly in § 760.02(11), Plaintiffs cannot import the broader definition in § 413.08 into the civil remedy provision of the Civil Rights Act to impliedly create a private cause of action.  A federal court in particular should be cautious in implying a private cause of action in state law that has not been expressly created by the state legislature or found by a state court.  Swerhun v. Guardian Life Ins. Co. of America, 979 F.2d 195, 198 (11th Cir. 1992) (citing Farlow v. Union Cent. Life Ins. Co., 874 F.2d 791, 795 (11th Cir.1989)).

As to the claim in Count III made directly under the Florida Civil Rights Act, Defendant is correct that Plaintiffs have failed to exhaust administrative remedies as required under that Act.  The Complaint makes no mention of this requirement.  This claim must also be dismissed.

The Court therefore will grant Defendants' motion to dismiss as to the state law claims in Count III and the portion of the "Penalties Count" that pertains to Florida remedies.  Compl., ¶¶ 24-25.  The remaining claims in this action are the ADA claims in

---

[1]  Additional offenses are provided for interference with the use of a service dog by obstructing, intimidating or otherwise jeopardizing the safety of the service animal or its user.  Fla. Stat. § 413.081.

Counts I and II.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Count III and Portions of the Penalties Count of Plaintiffs' Complaint [DE 6] is hereby **GRANTED** for the reasons stated above;

2. Defendants shall file their Answer to Counts I and II by July 9, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of June, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF